IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerome S. Garcia, | ) | C/A No.: 3:21-1318-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Kevin A. Shwedo; Rob Bailes; | ) | ORDER AND NOTICE |
| Trish Blake; Shirley Rivers; Laura | ) | |
| Bayne; Val Valenta; Karl McClary; | ) | |
| and Courtney Saxon, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Jerome S. Garcia ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against South Carolina Department of Motor Vehicles ("SCDMV") Executive Director Kevin A. Shwedo; SCDMV Chief of Staff & Director Rob Bailes; SCDMV Director of Administration Trish Blake; SCDMV Director of Drivers' Services Shirley Rivers; Laura Bayne; Val Valenta; Karl McClary; and Courtney Saxon (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff alleges in 2010–2011, he was refused a South Carolina driver's license because of a child support order from New Mexico, which Plaintiff alleges was void. [ECF No. 1 at 5]. Plaintiff alleges the failure of the SCDMV to issue the license and a subsequent 2017 encounter with law enforcement aired on the television show Live PD began a "multi-agency endless attack upon [his] constitutional protected rights." [ECF No. 1-1 at 2]. He alleges the following examples of violations of his rights: (1) denial of his due process related to his parental rights and child support by the family court, resulting in the denial of a driver's license; (2) his arrest for out-of-date license plate, resulting in the seizure of his property; (3) an assault "by an off-duty cop in uniform with his vehicle" resulting in an arrest for not having car insurance; (4) his arrest for failing to have a license plate because his California plate was seized; and (5) his arrest for contempt of court at a Family Court hearing. [ECF No. 1-1 at 2–4].

II.  Discussion

A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss

2

a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally

construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Insufficient Allegations

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To assert a viable § 1983 claim against a state official, Plaintiff must allege a causal

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

4

connection or affirmative link between the conduct of which he complains and the official sued. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution). Plaintiff asserts no factual allegations against Defendants, and their names are not used beyond being listed as Defendants on the first few pages of the complaint. Therefore, this case is subject to summary dismissal.

      2.      Conclusory Claims

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint does not contain sufficient factual allegations of constitutional wrongdoing or discriminatory actions attributable to Defendants.

### 3. No Supervisory Liability Under § 1983

The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Because Plaintiff fails to allege any specific actions or inactions against any defendant, they are entitled to summary dismissal.

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **June 4, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*,

238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

       IT IS SO ORDERED.

May 14, 2021                                   Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge