# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Jerome S. Garcia, | ) | Civil Action No.: 3:21-cv-01318-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Kevin A. Shwedo, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jerome S. Garcia, proceeding *pro se*,[1] filed this action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 13 at 3.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On June 11, 2021, the Magistrate Judge issued a Report and Recommendation (ECF No. 18) recommending that the court dismiss the action with prejudice. (*Id.* at 6.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and **DISMISSES WITH PREJUDICE** Plaintiff's Amended Complaint (ECF No. 13).

## I.  BACKGROUND

Plaintiff alleges that in 2011, the South Carolina Department of Motor Vehicles ("SCDMV") refused to issue him a South Carolina driver's license because of an outstanding child support debt from New Mexico, which he alleges was void. (ECF No. 13 at 5.) Plaintiff further

---

[1] "Because he is a *pro se* litigant, [Plaintiff]'s pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for [Plaintiff]; the court is not required to recognize [Plaintiff]'s claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

alleges that the SCDMV has since removed the child support debt from his record and replaced it with a traffic violation. (*Id.*) Plaintiff contends that both the child support debt and the traffic violation are unconstitutional, and, as a result, he was unable to work or provide for his children for years. (*Id.*) Plaintiff further contends that "the SCDMV started a chain reaction in 2011 by automatically refusing my fundamental rights to drive and provide for my family," (ECF No. 13-1 at 4), and seeks $1,500,000.00 "for a decade of damages."[2] (ECF No. 13 at 5.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III.     ANALYSIS

In the Report, the Magistrate Judge began by explaining that Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. (ECF No. 18 at

---

[2] In his Amended Complaint (ECF No. 13), Plaintiff listed the money damages sought as relief under amount in controversy. (*See id.* at 5.)

2.) The Magistrate Judge also explained that the statute allows a district court to dismiss a case upon a finding that the action is based on a meritless legal theory. (*Id.* (citing 28 U.S.C. § 1915(e)(2)(B)).)

Turning to the merits of Plaintiff's Complaint, the Magistrate Judge first determined that Plaintiff failed to make any factual allegations against Defendant to support a cause of action under 42 U.S.C. § 1983. (*Id.* at 4.) Second, the Magistrate Judge determined that Plaintiff failed to provide sufficient factual allegations of constitutional wrongdoing or discriminatory actions attributable to Defendant. (*Id.* at 5.) Third, the Magistrate Judge determined that Plaintiff failed to allege any specific actions or inactions of Defendant in his supervisory role to support a cause of action under 42 U.S.C. § 1983. (*Id.* at 5–6.) As a result, the Magistrate Judge recommended that the court dismiss Plaintiff's Complaint with prejudice. (*Id.* at 6.)

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service. (*Id.* at 7 (citing 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)).) However, neither of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on FED. R. CIV. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error.  Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and **DISMISSES WITH PREJUDICE** Plaintiff's Amended Complaint (ECF No. 13).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 3, 2021
Columbia, South Carolina